**SO ORDERED.**

**SIGNED this 28 day of July, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

CAREMERICA, INC.,  CASE NO: 06-02913-8-JRL
    Chapter 7
    Debtor.


JAMES B. ANGELL, TRUSTEE,

    Plaintiff

vs.

RONALD E. BURRELL, DONA H.
BURRELL, JOSEPH ALEX CANNON,
JR., CHER CANNON, DIVERSIFIED    ADVERSARY PROCEEDING
ENTERPRISE, INC. d/b/a CANNON    NO. L-08-00173-8-JRL
CONSTRUCTION and MICHAEL
ELLIOTT,

    Defendants.
_____

**ORDER**

The matters before the court are the motions to dismiss the adversary proceeding by

Ronald E. Burrell, Dona Burrell, Joseph Alex Cannon, Jr., Cher Cannon, Diversified Enterprise,

Inc., and Michael Elliott (the "Defendants").  The court held a hearing on these matters on May 21, 2009 in Raleigh, North Carolina.  This order confirms and provides the rationale for the oral ruling at the conclusion of the hearing granting the motions to dismiss.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## UNDISPUTED FACTS

1. On September 15, 2006, Caremerica, Inc., Caremerica Adult Care, Inc., The Meadows of Hermitage, Inc., The Meadows of Fayetteville Inc., and The Meadows of Wilmington, Inc. each filed a petition for relief under chapter 11 of the Bankruptcy Code.  These cases were subsequently converted to cases under chapter 7.  On February 4, 2008, the court entered an order allowing the substantive consolidation of the debtors and the appointment of a trustee.  These consolidated cases are administered under the case of Caremerica, Inc., 06-02913-8-JRL.

2. On the date of petition, the debtors operated adult care homes in eastern North Carolina.  The debtors leased the buildings used to operate these adult care homes.

3. Ronald E. Burrell and Michael R. Elliott are shareholders and officers of the debtors.

4. Joseph Alex Cannon, Jr. is married to Cher Cannon, who is the daughter of Dona Burrell and the step-daughter of Ronald E. Burrell.

5. Joseph Alex Cannon, Jr. is the owner of Diversified Enterprise, Inc.  Mr. Cannon and

Diversified Enterprise, Inc. performed construction and maintenance services for the debtors prior to the date of petition.

      6. The trustee filed an adversary proceeding against the defendants on September 14, 2008. The trustee sought in his complaint to avoid and recover certain alleged preferential and fraudulent transfers made by the debtors to the Defendants.

      7. Between January 14, 2009 and March 2, 2009, the Defendants filed motions to dismiss the adversary proceeding for failure to state claims upon which relief can be granted.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); FED. R. BANKR. P. 7012(b). In order to survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)). A pleading which states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2); FED. R. BANKR. P. 7008. A statement showing entitlement to relief under Rule 8(a)(2) must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

## ANALYSIS

**1. Motions to Dismiss Preference Claims**

      The Defendants contend that the trustee's complaint fails to state a claim upon which relief can be granted and therefore should be dismissed pursuant to Rule 12(b)(6). Specifically,

3

the Defendants assert that the complaint fails to allege facts sufficient to show why the trustee is entitled to avoid alleged preferential transfers under § 547 of the Bankruptcy Code. The Supreme Court recently adopted a heightened pleading standard for claims for relief under Rule 8(a)(2) and the requirements for claims to survive a motion to dismiss under 12(b)(6). The court examined this heightened pleading standard and its relationship to the trustee's claims to avoid transfers under § 547 of the Bankruptcy Code in the related adversary proceeding Angell v. BER Care, Inc., et al., No. L-08-00174-8-JRL (Bankr. E.D.N.C. Jul. 23, 2009). The court incorporates the analysis and pleading requirements for preference claims set forth in Angell v. BER Care, Inc. into this order.[1]

Pursuant to the Supreme Court's holdings in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009), the complaint of the trustee must satisfy a two-pronged test in order to overcome a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Under this two-pronged test, the trustee must plead sufficient factual allegations to establish a § 547 preference claim for relief that is plausible.[2] Because a preference cause of action consists of several elements, the court will

---

[1] The trustee in the case at bar filed multiple adversary proceedings against various parties seeking to avoid and recover alleged preferential and fraudulent transfers. In Angell v. BER Care, Inc., the court analyzed the pleading standard for preferential and fraudulent transfer claims in light of two recent Supreme Court opinions, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009). This order should be read in conjunction with the court's opinion in Angell v. BER Care, Inc.

[2] Section 547(b) provides:

   (b) Except as provided in subsection (c) and (i) of this section the trustee may avoid any transfer of an interest of the debtor in property –
      (1) to or for the benefit of a creditor;
      (2) for or on account of an antecedent debt owed by the debtor before such transfer was

address each element in turn.

A.  Transfer of an Interest of the Debtor in Property

Section 547(b) provides that a trustee may avoid "any transfer of an interest of the debtor in property . . . ." 11 U.S.C. § 547(b). The complaint alleges that the debtors transferred funds to Joseph Alex Cannon, Jr., Cher Cannon, and Diversified Enterprise, Inc. in the amount of "at least $49,539.00." However, the complaint contains no facts in support of this assertion, such as dates or amounts of each alleged transfer. Significantly, the complaint also fails to identify which of the debtors made the alleged transfers. It follows that the trustee cannot show it is plausible that an interest of the debtor in property was transferred.

B.  To or for the Benefit of a Creditor

The trustee's complaint asserts that "each preferential transfer was made to or for the benefit of the Defendant receiving such preferential transfer as a creditor of the debtors." The trustee's assertion recites one of the elements of a § 547 preference claim but fails to include factual content supporting entitlement to relief. For example, the complaint contains no facts in support of the trustee's assertion that the Defendants are transferees. The complaint alleges preferential transfers of "at least $49,539.00" but lacks information as to the dates, amounts, and

---

made;
(3) made while the debtor was insolvent;
(4) made –
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

5

number of transfers. Without factual assertions showing that it is plausible that the alleged transfers occurred, the complaint fails to satisfy the plausibility standard for claims for relief.

C.  For or on Account of an Antecedent Debt

Section 547(b)(2) requires that a preferential transfer must be "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). In In re Valley Media, Inc., 288 B.R. 189 (Bankr. D. Del. 2003), the Delaware Bankruptcy Court held that "the nature and amount of the antecedent debt" was necessary to show entitlement to relief under a preferential transfer theory. Valley Media, 288 B.R. at 192. This court agrees that the trustee must assert the nature and amount of the antecedent debt in order to allege a plausible claim for relief.[3] In the case at bar, the trustee's complaint makes the conclusory assertion that each preferential transfer was made "for, or on account of, an antecedent debt owed by the Debtors to the Defendant before the transfers were made." However, the trustee fails to assert any facts showing the existence of an antecedent debt. The complaint alleges that Joseph Alex Cannon, Jr. and Diversified Enterprise, Inc. performed construction and maintenance services for the debtors prior to petition, but it is unclear from the complaint whether an antecedent debt arose from these services. In order to satisfy the pleading requirements under Iqbal, the trustee must allege facts regarding the nature and amount of the antecedent debt which, if true, would render plausible the assertion that a transfer was made for or on account of such antecedent debt.

---

[3]Valley Media was decided prior to the Supreme Court cases of Twombly and Iqbal. However, Valley Media is significant because the Delaware Bankruptcy Court adopted a heightened pleading standard for § 547 preference claims. See Angell v. BER Care, Inc. for the court's examination of the significance of Valley Media in light of Twombly and Iqbal.

D. Made while the Debtor was Insolvent

The avoidance of a preferential transfer is contingent on the debtor being insolvent on the date of the transfer.  11 U.S.C. § 547(b)(3).  The Bankruptcy Code provides that the trustee may presume a debtor to be insolvent during the 90-day period preceding the date of the bankruptcy filing.  11 U.S.C. § 547(f).  However, this presumption does not apply to preferential transfers made outside of the 90-day preference period.  In this case, the trustee asserts that "the preferential transfers were made while the debtors were insolvent."  The complaint provides that the transfers alleged were made during the one year period prior to the petition date.  Because the complaint alleges transfers beyond the period in which insolvency is presumed, the trustee must assert factual content to support his allegations that the debtors were insolvent on the date of the transfers.

E.  Within 90 Days, or Within One Year if the Creditor was an Insider

The date on which each alleged transfer was made is critical to ascertaining whether the transfer is subject to avoidability under § 547.  Generally, a transfer is avoidable under § 547 if it was made within the 90-day period before the date of the filing of the petition.  11 U.S.C. § 547(b)(4)(A). However, if the claimant alleges that the creditor receiving the benefit of the transfer was an insider, the transfer is avoidable if it occurred between 90 days and one year prior to the petition date.  Id. § 547(b)(4)(B).  With respect to the timing of the transfers, the trustee alleges that the transfers occurred within one year of the petition date.  In order to plead facts in support of the timing element of a preference claim, however, the trustee must allege specific dates corresponding with each transfer.  The trustee's complaint fails to specify dates for each transfer and therefore cannot satisfy the heightened pleading standard for preference claims.

Additionally, the trustee must address whether the transferee is an insider of the debtors when alleging preferential transfers between 90 days and one year prior to the petition date. In <u>Oakwood Homes</u>, the Delaware Bankruptcy Court considered whether a preference claim alleging that defendants were insiders was sufficient to overcome a motion to dismiss. <u>In re Oakwood Homes</u>, 340 B.R. 510 (Bankr. D. Del. 2006). The complaint in <u>Oakwood Homes</u> alleged that the defendants were insiders because they were "in control of the debtors," affiliates, and "managing agents" of the debtors. <u>Id.</u> at 524. In addition, the complaint described the relationships between the debtors and the defendants. <u>Id.</u> at 522. Acknowledging that it was obligated to accept as true "all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom," the Court determined that the complaint alleged a relationship in which the defendants dominated and controlled the debtors. <u>Id.</u> (citing <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997)). As a result, the Court determined that the complaint alleged an adequate factual basis in support of the assertion that the defendants were insiders. <u>Oakwood Homes</u> at 524.

With respect to Count I in the case at bar, the trustee's complaint seeks to avoid preferential transfers made within the one year period prior to the petition date and asserts that Joseph Alex Cannon, Jr., Cher Cannon, and Diversified Enterprise, Inc. are insiders of the debtors. The complaint further alleges that Joseph Cannon and Diversified Enterprise, Inc. provided construction and maintenance services to the debtors. The court finds that the factual allegations describing the relationship between the debtors and the Defendants support the trustee's position that the Defendants were insiders of the debtors. However, the facts alleged fail to satisfy the second prong of the plausibility standard. Section 101(31) provides that

insiders of a corporate debtor include directors, officers, general partners, and persons in control of the debtor, as well as relatives of such persons. 11 U.S.C. § 101(31). The allegation that Joseph Alex Cannon, Jr., Cher Cannon, and Diversified Enterprise, Inc. are insiders of the debtors is insufficient because the alleged relationship between these defendants and the debtors fails to rise to the level of control and involvement characteristic of insiders under § 101(31).

Count III of the trustee's complaint seeks to avoid transfers made to Ronald E. Burrell and Dona Burrell. The complaint asserts that Ronald Burrell and Dona Burrell are insiders of the debtors and alleges that Mr. Burrell controlled the management of the debtors. Based on these assertions, the court finds that the trustee has pleaded facts sufficient to show it is plausible that Ronald E. Burrell and Dona Burrell were insiders of the debtors. Section 101(31) provides that insiders of a corporate debtor include directors, officers, general partners, and persons in control of the debtor, as well as relatives of such persons. 11 U.S.C. § 101(31). The term "relative" includes an individual related by affinity. Id. § 101(45). The allegation that Ronald E. Burrell controlled the management of the debtors is sufficient to satisfy the definition of an insider. With respect to Dona Burrell, the complaint alleges that Cher Cannon is "the daughter of Defendant Dona Burrell and the step-daughter of Defendant Ronald E. Burrell." Based on this allegation, it is reasonable to infer that Ronald and Dona Burrell are married. Because an insider may include a relative of another insider, and because the Bankruptcy Code provides that relatives include persons in a relationship of affinity, the court finds that it is plausible from the allegations in the complaint that Dona Burrell is an insider of the debtors.

F. Enabled Creditor to Receive More than it would under Chapter 7

For the reasons expressed in Part F of the court's opinion in the related case Angell v.

9

BER Care, Inc., the court finds that the pleadings are sufficient with respect to this element of a § 547 preference claim.

**2. Motion to Dismiss Fraudulent Transfer Claims**

In addition, the trustee's complaint seeks to avoid alleged fraudulent transfers incurred within the two-year period prior to the petition date of the debtors in the amount of "at least $51,539.00." In moving to dismiss the trustee's fraudulent transfer claims, the Defendants contend that the trustee's complaint fails to satisfy the requisite pleading standards. Section 548 of title 11 allows the trustee to avoid fraudulent transfers of an interest of the debtor in property incurred within two years before the date of the filing of the petition. 11 U.S.C. § 548(a)(1). Section 548 claims may be founded on actual fraud or constructive fraud. Id. § 548(a)(1)(A), (B). Thus, a transfer is avoidable if it was either actually fraudulent in that it "(i) had at its purpose an intent to hinder, delay or defraud the debtor's creditors," or that it was constructively fraudulent in that it "(ii) was made while the debtor was in a precarious financial condition, and the transaction did not provide the debtor with a reasonably equivalent value in exchange for the item transferred." 5 Collier on Bankruptcy, ¶ 548.01 (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. rev.). The Defendants allege that the trustee's fraudulent transfer claims must be dismissed for failure to plead sufficient facts to support either actual or constructive fraud.

First, a claim to avoid a fraudulent transfer is sufficient if it satisfies the heightened pleading standard for actual fraud provided in Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b), made applicable by Rule 7009 of the Federal Rules of Bankruptcy Procedure, requires a party alleging fraud to "state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b); FED. R. BANKR. P. 7009. However, "malice, intent, knowledge, and other

10

conditions of a person's mind may be alleged generally." Id. A claim alleging an actual fraudulent transfer under § 548 must satisfy the particularity requirement of Rule 9(b). See In re Derivium Capital, LLC, 380 B.R. 429, 439 (Bankr. D.S.C. 2006) (citing In re Verestar, Inc., 343 B.R. 444, 459 (Bankr. S.D.N.Y. 2006)). The trustee admits that his claims to avoid fraudulent transfers under § 548(a)(1)(A) are subject to the Rule 9(b) standard for pleading but argues that the particularity requirement of Rule 9(b) should be relaxed because he is a third party with secondhand knowledge and limited access to information at the pleading stage.

The court finds that the trustee's complaint fails to satisfy the particularity requirement of Rule 9(b). Count II of the complaint recites the elements of a fraudulent transfer under § 548. However, nowhere in the complaint does the trustee allege fraudulent conduct by the debtors. Without a particularized showing of the circumstances constituting actual fraud, the court finds that the allegations in the complaint fail to satisfy the pleading requirements of Rule 9(b).

Second, a trustee may base his avoidance claim on a theory of constructive fraud pursuant to § 548(a)(1)(B). Section 548(a)(1)(B) allows for the avoidance of certain transfers in which the debtor "received less than reasonably equivalent value" and either (I) was or became insolvent on the date of the transfer; (II) became insufficiently capitalized following the transfer; (III) intended to incur debts that would be beyond its ability to repay; or (IV) made such transfer for the benefit of an insider under an employment contract and not in the ordinary course of business. 11 U.S.C. § 548(a)(1)(B). Rule 9(b) does not apply to claims for avoidance of constructively fraudulent transfers because such claims are not based on actual fraud but instead rely on the debtor's financial condition and the sufficiency of consideration provided by the transferee. In re Derivium Capital, LLC, 380 B.R. 429, 439 (Bankr. D.S.C. 2006) (citing In re

Verestar, Inc., 343 B.R. 444, 459 (Bankr. S.D.N.Y. 2006)).  Rather, § 548(a)(1)(B) claims must satisfy Rule 8(a) and the heightened pleading standard introduced in Twombly and Iqbal.  It follows that claims to avoid constructively fraudulent transfers must assert factual allegations which show that relief is plausible.

The trustee's complaint alleges that, with respect to transfers alleged to be fraudulent, the debtors "received less than reasonably equivalent value in exchange from such Defendant for the fraudulent transfers."  The complaint further alleges that the debtors were "insolvent on the date of the fraudulent transfers or became insolvent as a result of the fraudulent transfers."  Although the complaint recites the elements of § 548(a)(1)(B),  the trustee fails to support his allegations with factual content describing the consideration received by each transferor or the debtors' insolvency on the date of the transfers.  In the absence of such factual content, the trustee cannot show that avoidance of transfers under the theory of constructive fraud is plausible.

### 3. Conclusion

Based on the foregoing, the Defendants' motions to dismiss the trustee's claims to avoid alleged preferential and fraudulent transfers are GRANTED.  However, the court grants permission for the trustee to re-plead his claims against the Defendants according to the pleading standards adopted by the court in this order and in Angell v. BER Care, Inc., et al., No. L-08-00174-8-JRL (Bankr. E.D.N.C. Jul. 23, 2009).  The trustee shall have 30 days from the date of this order in which to file an amended complaint.  Once the trustee has filed his amended complaint, the Defendant will have 20 days in which to answer.

"END OF DOCUMENT"